SNIDER ET AL. *v.* ALL STATE ADMINISTRATORS, INC., ET AL.

No. 73–731.   Decided January 21, 1974

PER CURIAM.

Petitioner Snider has filed a motion to dispense with the printing of the petition for certiorari as required by our Rule 39.   He has filed no motion and affidavit in conformity with our Rule 53, dealing with proceedings *in forma pauperis*.   While we undoubtedly have authority to waive the application of particular rules in appropriate circumstances, we have during this Term denied a considerable number of similar motions.*   Typically in each of these cases the moving petitioner made generalized allegations of inability to afford payment of printing costs, but made no showing sufficient to comply with Rule 53 governing proceedings *in forma pauperis*.   Motions such as these are disfavored, and petitioner's motion is denied.

---

* See, *e. g.,* *Wallace* v. *Smith,* No. 73–40, motion denied October 15, 1973, *post,* p. 907; *Broccolino* v. *Maryland Comm'n on Judicial Disabilities,* No. 73–431, motion denied November 19, 1973, *post,* p. 1038; *Chippas* v. *United States,* No. 73–761, motion denied December 17, 1973, *post,* p. 1109. See also *Morton* v. *Mancari,* No. 73–362, motion to dispense with printing the motion to dismiss or affirm denied January 14, 1974, *post,* p. 1142.

Rule 39, entitled "Form of appendices, petitions, briefs, etc.," contains the following definition:

> "Printing, as the term is used in these rules, shall include any process capable of producing a clear black image on white paper but shall not include ordinary carbon copies. If papers are filed in a form which is not clearly legible, the clerk will require that new copies be substituted, but the filing shall not thereby be deemed untimely."

We think it is clear from this definition, and from the other parts of Rule 39, that documents governed by Rule 39 need not have been imprinted on a press in order to comply with its terms. They are required to be the product of a process "capable of producing a clear black image on white paper," and to conform to the paper-size, binding, and type-size requirements also set forth in the Rule. The Rule is thus functional in nature, and is designed to assure the Court that appendices, petitions, briefs, and the like which are subject to its provisions will be of uniform size and good legibility. We are not disposed to waive these standards.

In future cases, the Clerk will be instructed not to accept for record a petition for certiorari or other document which is subject to Rule 39 and fails to conform to the requirements of that Rule, and to submit only the motion to dispense with printing to the Court for decision. In the event such motion is denied, the petition or other document will be returned to the party seeking to file it at the time the order of denial is entered.

Petitioner's motion to dispense with printing the petition for certiorari in this case is denied. Because our view as to the probable fate of motions such as his may not heretofore have been apparent to the Bar, he is granted 21 days from the entry of this order in which to file a petition which conforms to Rule 39.