**William N. BARROW, Petitioner,**

v.

**STATE OF NORTH CAROLINA, Respondent.**

**No. C-C-74-74.**

United States District Court, W. D. North Carolina, Charlotte Division.

April 8, 1974.

---

None appearing for petitioner.

Richard N. League, Asst. Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for respondent.

## FINAL ORDER OF DISMISSAL

McMILLAN, District Judge.

In a handwritten petition dated March 15, 1974, William N. Barrow (confined in the Blanch unit of the North Carolina prison system pursuant to his June, 1969, conviction in the Mecklenburg County Superior Court for second degree murder) asks this court for a writ of mandamus against the Fourth Circuit Court of Appeals. He seeks reversal of the Court of Appeals' decision of September 27, 1971, No. 15–245 (mem. dec.) which affirmed this court's denial of habeas corpus relief in Barrow v. Bounds, No. 2666, W. D. N. C., October 7, 1970.

██ Three of the four claims presented by Barrow in this petition are identical to those considered and dismissed on the merits in the earlier decision, Civil No. 2666. Those claims are: (1) use of allegedly illegally obtained statements for purposes of impeachment; (2) failure of the judge to sequester the jury; and (3) alleged errors made during instruction of the jury. No reason is offered why the earlier decision should be reconsidered, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), authorizes the summary dismissal of successive habeas petitions. The fourth and final claim challenges the legality of the Attorney General's filing a petition against Barrow protesting the number of writs filed by the petitioner over the years. This does not state a claim under federal law. Therefore, treating the writing as a petition for habeas corpus, all claims will be dismissed on their merits.

██ In passing, some note should be taken of the form of the petition—a request that this court enter an order of mandamus telling the Circuit Court of Appeals what to do. No doubt, every district judge can think of occasions when such authority might be for the good of the order; however, the system is not geared that way; and petitioner must be advised that the relief thus sought is beyond the jurisdiction of this court.

It is therefore ordered that the petition for writ of habeas corpus may be filed *in forma pauperis* and that all claims for relief be and they are dismissed, both because they lack merit and because the relief sought is beyond this court's jurisdiction.

The petitioner is advised that he may appeal *in forma pauperis* from this *final order* by mailing a written notice of appeal to the Clerk of the United States District Court, Post Office Box 1266, Charlotte, North Carolina 28201. Said *written* notice of appeal must be *received* by the Clerk within thirty (30) days from the date of this final order. The court declines to issue a certificate of probable cause.

The Clerk is requested to mail copies of this order to the petitioner; to the Attorney General of North Carolina; to the director of the prison system of North Carolina; and to the superintendent or officer in charge of the institution at which the petitioner is presently confined.