606 F.2d 168
 Gregory PANKO, Plaintiff-Appellant,
v.
Michael RODAK, Jr., Individually and as Clerk of the Supreme
Court of theUnited States, and Edward C. Schade,
Individually and as Assistant Clerk of theSupreme Court of
the United States, Defendants-Appellees.
 No. 78-2206.
 United States Court of Appeals,
Seventh Circuit.
 Submitted July 31, 1979.
Decided Aug. 1, 1979.*
Opinion Oct. 2, 1979.
 
 Gregory Panko, pro se.
 Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants-appellees.
 Before SWYGERT, CUMMINGS and WOOD, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 Plaintiff Gregory Panko appeals from the judgment of the district court dismissing his Pro se action for mandamus and damages.[1] The defendants are the Clerk and an Assistant Clerk of the Supreme Court of the United States. We affirm the district court's judgment.
 
 
 2
 This case arises out of Panko's attempts to obtain Supreme Court review of the decisions in two other lawsuits he is prosecuting Pro se, one from this Court and one from the Illinois courts. The defendants returned Panko's petition for certiorari in the federal case and jurisdictional statement in the state case for failure to comply with Supreme Court Rule 39 regarding the printing of documents submitted to the Court. Apparently parts of the appendixes to each document had been reduced in size through photo-copying and failed to comply with the print-size requirements. S.Ct. Rule 39(1).
 
 
 3
 In each case Panko resubmitted the documents, without change, along with a motion to dispense with the printing requirements. In the motion to dispense with printing as to the petition for certiorari Panko relied on the fact that a similar motion was granted by the Court in Calley v. Callaway, 423 U.S. 888, 96 S.Ct. 182, 46 L.Ed.2d 119 (1975), Cert. denied sub nom. Calley v. Hoffman, 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976), and stated that he had a January 5, 1977 deadline to meet for filing a petition in the Illinois Supreme Court. This motion to dispense with printing in the United States Supreme Court was not received at the Clerk's office until February 18, 1977, however.[2]
 
 
 4
 In the motion to dispense with printing as to the jurisdictional statement, Panko again relied on Calley, supra, and stated that his jurisdictional statement in an earlier appeal to the Court[3] had been accepted by the Clerk's office for filing despite the attachment of materials similar to those attached to the jurisdictional statement at issue here.
 
 
 5
 The defendants again returned the petition for certiorari and the jurisdictional statement as well as the motions to dispense with printing without filing any of them and without submitting the motions to the Court for decision.
 
 
 6
 1 Panko then filed suit in the district court seeking mandamus under 28 U.S.C. § 1361 directing the defendants to file his petition for certiorari and jurisdictional statement or to submit the motions to dispense with printing to the Court for decision.[4] The complaint also sought damages. The district court granted defendants' motion to dismiss. The court held that defendants were protected from damage liability by absolute judicial or quasi-judicial immunity. The court further held that Panko had failed to allege a clear right to the mandamus relief sought.
 
 
 7
 In order to obtain mandamus relief, Panko was required to establish three elements: a right to have his papers filed or submitted to the Court; a plainly defined and peremptory duty on the part of the defendants to file or submit them; and the absence of any other adequate remedy. Trinity Mem. Hosp. v. Associated Hosp. Serv., Inc., 570 F.2d 660, 666 n. 9 (7th Cir. 1977); Holmes v. United States Bd. of Parole, 541 F.2d 1243, 1247 n. 5 (7th Cir. 1976) (overruled in part not pertinent to this point in Solomon v. Benson, 563 F.2d 339 (7th Cir. 1977)). As the district court held, Panko's complaint failed to allege the first two elements.
 
 
 8
 Although the petition for certiorari and jurisdictional statement submitted for filing are not included in the record in this appeal, the allegations of the complaint show that parts of the appendixes to these documents had been reduced in print size and failed to comply with the Court's Rule 39. Thus Panko had no right to have these documents filed. In addition, the Supreme Court's order in Snider v. All State Administrators, Inc., 414 U.S. 685, 94 S.Ct. 771, 39 L.Ed.2d 90 (1974), places a duty upon the defendants to reject any document subject to Rule 39 which fails to comply with the Rule. Therefore, the defendants had no plainly defined and peremptory duty to file Panko's petition for certiorari or jurisdictional statement. See Stern and Gressman, Supreme Court Practice § 6.23, pp. 448-453 (5th ed. 1978) (hereinafter Stern & Gressman).
 
 
 9
 Nor did Panko have a clear right to have his motions to dispense with printing submitted to the Court. In Snider v. All State Administrators, Inc., supra, the Court denied such a motion, noting that no motion and affidavit to proceed In forma pauperis had been filed. The Court said that "generalized allegations of inability to afford" printing costs were insufficient and that motions based on such allegations were disfavored. The Court did say that it has authority to waive its rules "in appropriate circumstances." But the Court went on to say that it is not disposed to waive the printing requirements.
 
 
 10
 1 The leading treatise on practice before the Court has interpreted Snider to mean that the printing requirements will not be waived without a motion sufficient to establish a "right to proceed In forma pauperis." Stern & Gressman at 451. Regardless of whether the Court might find other "appropriate circumstances" justifying waiver of the printing requirements, Panko's motion made no attempt to allege such circumstances and was insufficient on its face.
 
 
 11
 Panko's reliance in both motions on Calley v. Callaway, supra, 423 U.S. 888, 96 S.Ct. 182, was patently meritless. The order in Calley granting leave to dispense with printing portions of the appendix in that case was based on the circumstances presented in the motion in that case and applied to that case alone.[5] Panko's interpretation of Calley as a general rule permitting the filing of any "legible" appendix material is impermissible because it would nullify the requirements of Rule 39(1) for all cases. His attempt to rely on a state court deadline in the motion relating to the petition for certiorari had no merit because the deadline was passed before the defendants received the motion and thus could not excuse the failure to comply with Rule 39. And the statement in the motion relating to the jurisdictional statement that similar documents had been accepted in an earlier case was irrelevant since from the docket number assigned to the earlier case, those documents appear to have been accepted before the Court's warning in Snider was issued.
 
 
 12
 The Court's rules make it clear that motions which are insufficient on their face will not be filed by the Clerk's office. See E. g. S.Ct. Rule 53(5). Thus Panko had no clear right to have his motions submitted to the Court. These rules also establish that defendants had no duty to submit Panko's facially insufficient motions.
 
 
 13
 In sum, Panko has failed to allege a clear right to have his papers filed or a plain duty on the part of the defendants to file them. Therefore, the district court properly denied mandamus relief.[6]
 
 
 14
 The district court also correctly held that the defendants are immune from Panko's claim for damages. The administration and control of the Court's docket are part of the Court's judicial function. And in enforcing the Court's Rules, see S.Ct. Rules 39(4) and 53(5), and executing the Court's directives regarding the docketing of cases, see Snider, supra, the defendants were carrying out judicial or quasi-judicial functions within their authority. Therefore, the defendants are entitled to judicial immunity from damage liability for their actions. Brown v. Dunne, 409 F.2d 341, 343 (7th Cir. 1969). Furthermore, the discussion above shows that Panko had no right to have his papers filed or submitted which the defendants could have violated; and that the defendants had no duty to file or submit the papers which could have been breached. Thus regardless of the defendants' immunity, Panko had no right to damages from the defendants.
 
 
 15
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 This appeal was originally decided by unreported order on August 1, 1979. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 In this complaint, Panko alleged that delivery of this motion to the Court was attempted on December 18, 1976, but was unsuccessful
 
 
 [1]
 Panko v. Donovan, 415 U.S. 953, 94 S.Ct. 1479, 39 L.Ed.2d 569 (1974) (that appeal carried a 1973 docket number)
 
 
 [4]
 Section 1361 provides:
 The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.
 
 
 [5]
 The motion to dispense with printing in Calley stated that there were four lower court opinions in that case totalling 263 pages. These opinions appeared in published reporters, such as Federal Reporter Second and Federal Supplement which do not meet Rule 39's print-size requirement and would have required reprinting. Stern & Gressman at 452. The motion in Calley further stated that the costs of such printing "would place an insurmountable financial burden on your Applicant who has limited funds and who has virtually exhausted those funds in the proceedings below. Indeed, Applicant will be pauperized unless the said requirements are dispensed with."
 
 
 [6]
 The district court did not address the issue raised by the defendants whether a district court has jurisdiction over a mandamus action against clerks of the Supreme Court. Although there seems to be no authority other than the district court case cited by the defendants, Barrow v. North Carolina, 374 F.Supp. 1249 (W.D.N.C.1974), which is not directly on point, it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action. Section 1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the Justices of the Supreme Court themselves. Perhaps this difficulty is best analyzed as going to the district court's discretion to refuse mandamus relief even if the elements justifying relief had been established. See Holmes v. United States Bd. of Parole, supra, 541 F.2d at 1247. Such an analysis would recognize the difficulty or impossibility of enforcing an order should the Supreme Court direct the Clerk's office to ignore it. It would recognize also the unseemliness of the district judge interfering in the policies and procedures which the Court has adopted to minimize the practical difficulties of dealing with its substantial caseload. See Stern & Gressman at 38-51; cf. Id. at 680-681 (regarding the need for, and concern of the Clerk's Office for, uniformity in printing appendixes). These considerations of judicial discretion provide an alternate basis for affirming the district court's denial of mandamus relief. In addition, analyzing the doubts about the district court's power to entertain a petition for mandamus against officers of a higher court in terms of judicial discretion leaves open the possibility of such relief if it could ever be shown, for example, that a clerk of a higher court unjustifiably refused to docket a case and then unreasonably blocked all attempts to obtain relief from that refusal from the higher court itself. In this case, as discussed above, both the refusal to docket Panko's cases and the refusal to submit his motions to the Court were fully justified