Samuel Richard HARRELL, Petitioner-Appellant,

v.

T. M. KEOHANE, Warden, Respondent-Appellee.

No. 79–1454.

United States Court of Appeals, Tenth Circuit.

Submitted March 13, 1980.

Decided May 9, 1980.

Samuel Richard Harrell, pro se.

Before SETH, Chief Judge, and PICK-ETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

In the district court Harrell claimed that he had been denied access to the courts because he was denied free access to a photocopying machine. He further contended the limited physical capacity of the prison law library unduly restricted his right of access to the courts.

Harrell specifically challenged the constitutionality of Bureau of Prisons Policy Statement No. SW–2001.4, Subject: Reproduction of Inmate Legal Material.[1] The policy statement provides three options for inmate copying of legal materials: (a) use of carbon paper and typewriters available in the law library, (b) forward papers to family and friends to be copied, or (c) reproduction of documents by the institution at a cost of ten cents per copy.

Appellant contended the policy statement was unconstitutional because its application placed undue restrictions on his access to the courts. Harrell alleged he neither had

family nor friends financially able to assist him in photocopying documents. He further alleged, because of his poverty he was unable to photocopy needed documents that could not be duplicated by a typewriter and would not be photocopied by prison officials free of charge.

Harrell further complained that his access to the courts was further restricted by the limited physical capacity of the prison law library. Apparently the law library could accommodate only five inmates at a time. Appellant did not complain that the law library reference material was in any way inadequate.

The district court found: (1) appellant had not been denied access to the courts where there are "viable alternatives to the use of reproduction equipment," and (2) the limitation of five inmates in the prison library at one time did not give rise to constitutional deprivations. Accordingly, the district court dismissed appellant's action.

The issues on appeal are as follows:
I. Whether appellant was denied access to the courts because he was denied free access to a photocopying machine, and
II. Whether appellant was denied access to the courts because of the limited physical capacity of the prison law library.

I. Denial of free access to photocopying machine.

The Supreme Court in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), held the fundamental constitutional

---

1. Bureau of Prisons Policy Statement No. SW–2001.4, in material part provides as follows:

   5. *ACTION:* Should an inmate request reproduction of legal documents, there are three options available to him:

   A. Typewriters are available in the Law Library for typewritten duplication of writs, by use of carbon paper. Inmates will utilize carbon paper in preparation of legal material rather than depend upon staff to duplicate the original for them.

   B. Inmates may forward their legal material to family, friends, lawyers, etc., in the community to have them reproduced.

   C. Legal materials may be reproduced by the institution, and the Unit Manager or his designee may authorize reproduction for the inmates in his unit. The cost for reproduction will be 10¢ per copy. Prior to duplication, staff will verify with the Commissary that the inmate has available funds in his account to defray costs of reproduction. CMS Form # 21/24 will be made payable to: U.S. Treasury, Miscellaneous Receipts.

   D. Inmates who are financially unable to have documents reproduced at the institution will be required to adhere to options (A) or (B) above.

right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with an adequate law library or adequate assistance from persons trained in the law.

Harrell seems to conclude from *Bounds* that he is entitled not only to unrestricted access to the courts but also to completely *free* access as well. Our interpretation of *Bounds* does not support appellant's conclusion.

This court has held that inmates do not have an unlimited right to free postage, an absolute right to use a typewriter or an absolute right to have one's pleadings typed, in connection with the right of access to the courts. *See Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1978).

Harrell contended the denial of his request for free photocopying denied him access to the Supreme Court because the Clerk of the Supreme Court would not file his two petitions for certiorari until copies of the judgments and/or decrees sought to be reviewed were appended to his petitions.

The Rules of the Supreme Court do not appear to support appellant's conclusory allegation. The rules do not require *photocopies* of judgments and/or decrees sought to be reviewed to be appended to the petitions for certiorari. *See* Sup.Ct.R. 23, § 1(i), (j) and § 2. Although Rule 23(2) requires petitions to be printed, Sup.Ct.R. 39(4) provides "Printing, as the term is used in these rules, shall include any process capable of producing a clear black image on white paper . . . ." Rule 39(4) further provides illegible papers filed with the Clerk of the Supreme Court may need to be substituted, but the filing shall not be untimely. Furthermore motions can be filed to dispense with printing. *See Snider v. Allstate Administrators, Inc.*, 414 U.S. 685, 94 S.Ct. 771, 39 L.Ed.2d 90 (1974). Moreover Sup. Ct.R. 53(2) provides that a petition for writ of certiorari filed in forma pauperis should comply in all respects with the rules governing the same, except that it shall be sufficient to file a single copy thereof.

Based on the above, the record does not support a claim of denial of access to the courts through the application of the photocopying policy.

This case presents a slightly different factual picture than *Twyman*. However, the fundamental issue is the same and the rationale of *Twyman* applies with full force here. Reasonable regulations are necessary to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse.

A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when as here, there are suitable alternatives.

II. Inadequate prison law library.

The Supreme Court in *Bounds* recognized that some delays in the preparation of legal papers are inevitable and that inmates not facing court deadlines might have to wait three or four weeks for their turn in the library. Here, appellant does not claim the prison law library is inadequate due to the insufficiency of legal reference books and periodicals. There is no claim that appellant has suffered a dismissal or any other court sanction simply because he had to wait to use the prison law library. Nor does the record support appellant's claim of denial of access to the courts because of the limited physical capacity of the prison law library.

The judgment of the district court is affirmed. The mandate shall issue forthwith.