837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey A. MURR, Plaintiff-Appellant,
v.
ORIENT CORRECTIONAL INSTITUTE; Thomas Strickrath; Carol
Shiplevy; Susan Dunn; Ms. Preston, Defendants-Appellees.
 No. 87-3539.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon consideration, we affirm the judgment of the district court for the reasons stated in its opinion and order entered May 15, 1987. Plaintiff's claims for declaratory and injunctive relief are moot because he has been transferred to another prison outside defendants' custody. See Preiser v. Newkirk, 422 U.S. 395 (1975). Further, nowhere does plaintiff specifically claim that defendants transferred him in order to render these claims moot. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984).
 
 
 3
 Finally, the district court properly granted summary judgment for defendants because plaintiff failed to allege the deprivation of his constitutional rights. Plaintiff alleges only a deprivation of the materials with which he may pursue his rights, but this does not necessarily implicate a deprivation of the underlying constitutional rights themselves. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985); Harrell v. Keohane, 621 F.2d 1059 (10th Cir.1980) (per curiam); Twyman v. Crisp, 584 F.2d 352, 357-59 (10th Cir.1978) (per curiam). Plaintiff's claim fares no better assuming that he has a liberty interest in the materials in question because plaintiff failed to plead and prove the state court remedies are inadequate to redress the alleged deprivation. Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc).
 
 
 4
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.