No. 96-1179, Guinn v. Zavaras, Order and Judgment.
Attached Order of Dismissal and for Sanctions received from Judge Sparr is not available electronically.

**Filed 10/29/96**

———————————

BILL RAY GUINN,

      Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS, BRAD
ROCKWELL,

      Defendants-Appellees.

No. 96-1179
(D.C. No. 95-S-2912)
(D. Colorado)

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Mr. Guinn is an inmate in the Colorado Prison System. Mr. Guinn initiated

this pro se civil rights action by filing a twenty-seven-page complaint with

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

twenty-nine attached pages of exhibits. The trial court dismissed the action as frivolous and Mr. Guinn appeals this decision.

The gist of Mr. Guinn's complaint is the defendants failed to give him as much writing paper and as many manilla envelopes as he needed to "maintain his numerous, pending civil actions." He alleged this refusal to give him more free clerical supplies beyond the monthly maximum given to him by the prison ("50 sheets of writing paper and 3 manilla envelopes") resulted in the dismissal of six actions pending before the United States Supreme Court and the United States Court of Appeals for the Tenth Circuit.

The trial court, after finding Mr. Guinn had failed to pay previous sanctions of $120 and to adhere to the pleading requirements of Rule 8 (short and plain statement of the grounds) by filing prolix,vague and unintelligible pleadings, concluded the regulations limiting free clerical supplies are necessary to balance the legitimate interest of inmate litigants with budgetary considerations and concerns of abuse. *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir. 1980); *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978). The trial court further restricted Mr. Guinn from initiating a civil action in that court without the representation of an attorney or first obtaining leave of the court.

Mr. Guinn appeals this decision asserting he is entitled to "unrestricted access to ... writing paper and manilla envelopes in amounts, adequate, to enable

him to maintain his pending civil actions."

Mr. Guinn's arguments lack merit. *Lewis v. Casey*, 116 S. Ct. 2174 (1996), is dispositive. *Lewis* holds an inmate must demonstrate the lack of free clerical supplies "hindered his efforts to pursue a legal claim." *See id.* at 2180. Basically the Court held the law "does not guarantee [an inmate] the wherewithal to transform [himself] into [a litigating engine] capable of filing [any type of action,] rather ... it requires [the suit hindered must attack the inmate's sentence], directly or collaterally, [or] challenge the conditions of confinement." *Id.* at 2181-82. Mr. Guinn failed to make this showing.

Mr. Guinn failed to attack the additional analysis of the trial court and failed to show it was in error.

The decision of the trial court is **AFFIRMED** for substantially the same reasons set forth therein. A copy of this decision is attached hereto.

Mr. Guinn's "Emergency Motion For Injunctive Relief," filed October 15, 1996, is denied.

> **Entered for the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge

-3-