Michael SCHMIER, Plaintiff/Petitioner,

v.

UNITED STATES COURT OF APPEALS for the NINTH CIRCUIT, et al., Defendants/Respondents.

No. C–00–4076 VRW.

United States District Court, N.D. California.

March 23, 2001.

Kenneth J Schmier, Emeryville, CA, for plaintiff.

Thomas W. Millet, Department of Justice, Civil Div., Washington, DC, Jocelyn Burton, U.S. Attorney's Office, San Francisco, CA, for defendants.

## ORDER

WALKER, District Judge.

In this action against the United States Court of Appeals for the Ninth Circuit and the Judicial Council of the Ninth Circuit (defendants), plaintiff and petitioner Michael Schmier challenges the validity of Ninth Circuit Rules 36–3 and 36–4, which govern the effect of unpublished opinions, whether they may be cited to or by the courts of this circuit and the process for requesting publication of such dispositions. Schmier seeks a writ of mandamus or writ of prohibition from this court that would require all future dispositions of the courts of this circuit to be published and have precedential effect. Compl (Doc # 1) at 5–6. Schmier also requests an injunction preventing defendants from enforcing Ninth Circuit Rules 36–3 and 36–4, as well as other appropriate relief, such as a declaration of Schmier's alleged constitutional rights to cite any disposition of the courts of this circuit. Id at 6. Defendants move to dismiss. DefBr (Doc # 5). For the reasons set forth below, the motion is GRANTED.

### I

Schmier's complaint contains essentially no factual allegations. Schmier does not allege that in the case at bar he has tried to cite an unpublished opinion and has been injured by the circuit rules that prohibit him from doing so. Nor has he alleged that he has unsuccessfully requested that an unpublished disposition be published. Rather, Schmier asserts in a con-

clusory manner that he is entitled to seek an order that would prospectively invalidate Ninth Circuit Rules 36–3 and 36–4 because under these rules defendants "act contrary to their public duty" and he has "a clear, present, and substantial right to the performance of [defendant's] duties, and is personally concerned that [defendants] perform their duties under the law." Compl. (Doc. # 1), ¶¶ 1–2.

Schmier contends that these circuit rules should be invalidated because they are unconstitutional and violate the doctrine of stare decisis. Id., ¶ 7. The court, however, need not, and indeed cannot, reach the substance of Schmier's arguments.

## II

### A

As a preliminary issue, the court believes that the proposition that it has subject matter jurisdiction to review a rule promulgated by a higher court is dubious at best. Schmier has failed to point to a statute or case empowering district courts to evaluate the circuit rules of appellate courts. Instead, Schmier argues that district courts have the authority to hear challenges to the "local rules" of any court (including, presumably, those of a higher court) and that district courts are the appropriate forum in which to initiate such a challenge. In support of these arguments, Schmier relies on two cases. See *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987); *Whitehouse v. United States District Court*, 53 F.3d 1349 (1st Cir.1995). The rules at issue in these cases, however, were local rules of district courts, not circuit rules of appellate courts. See *Frazier*, 482 U.S. at 643, 107 S.Ct. 2607; *Whitehouse*, 53 F.3d at 1353–54. Accordingly, Schmier has not established a lower court's authority to invalidate a higher court's rule.

In their motion to dismiss, defendants cite two cases that suggest, albeit in dicta, that district courts lack the authority to review higher courts' rules. See *Panko v. Rodak*, 606 F.2d 168, 171 n. 6 (7th Cir. 1979); *Nolan v. Judicial Council of the Third Circuit*, 346 F.Supp. 500, 512–13 (D.N.J.1972), aff'd, 481 F.2d 41, 42 (3d Cir.1973). In *Panko*, the plaintiff sought a writ of mandamus to issue on the clerks of the Supreme Court. *Panko*, 606 F.2d at 169. The Seventh Circuit ruminated in a footnote about the likelihood that it lacked the jurisdiction to order a higher court to take action:

> [I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action. [28 USC § ] 1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the Justices of the Supreme Court themselves. Perhaps this difficulty is best analyzed as going to the district court's discretion to refuse mandamus relief even if the elements justifying relief had been established. Such an analysis would recognize the difficulty or impossibility of enforcing an order should the Supreme Court direct the Clerk's office to ignore it. It would recognize also the unseemliness of the district judge interfering in the policies and procedures which the Court has adopted to minimize the practical difficulties of dealing with its substantial caseload.

*Panko*, 606 F.2d at 171 n. 6 (citations omitted).

Similarly, the *Nolan* court speculated that in the event a district court reviewed the actions of a judicial council under 28 USC § 1651, it "would present serious incongruities and practical problems ***." *Nolan*, 346 F.Supp. at 513 (quoting *Chandler v. Judicial Council of the Tenth Cir-*

*cuit,* 398 U.S. 74, 94, 90 S.Ct. 1648, 26 L.Ed.2d 100 (1970) (Harlan concurring)). Although these cases do not involve review of a higher court's rules, should this court follow Schmier's request and invalidate Ninth Circuit Rules 36–3 and 36–4, it would be "interfering in the policies and procedures which the [Ninth Circuit] has adopted to minimize the practical difficulties of dealing with its substantial caseload." See *Panko,* 606 F.2d at 171 n. 6. The court is thus highly skeptical that it possesses the jurisdiction to conduct such a review. See also *Mullis v. U.S. Bankruptcy Court,* 828 F.2d 1385 (9th Cir.1987) (stating that a district court cannot issue injunctive relief against another court).

## B

Despite the dubious status of this court's jurisdiction to evaluate the validity of a higher court's rules, the court concludes that, in any event, this matter must be dismissed because the court lacks jurisdiction for an entirely separate reason. As defendants correctly assert, Schmier cannot demonstrate the standing required to complain about the circuit rules at issue. Indeed, the court concludes that Schmier can allege no set of facts in this case that would establish such standing.

 "Standing is a threshold question in every case before a federal court." *McMichael v. County of Napa,* 709 F.2d 1268, 1269 (9th Cir.1983). Article III, § 2 of the Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." Accordingly, to establish standing under the Constitution, a plaintiff must demonstrate (1) an "injury in fact" that is concrete and not conjectural; (2) a causal connection between the injury and the defendant's alleged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). In addition to these constitutional require-

ments, certain prudential limitations may play a role. *Central Arizona Water Conservation Dist. v. United States Envtl. Protection Agency,* 990 F.2d 1531, 1538 (9th Cir.), cert. denied, 510 U.S. 828, 114 S.Ct. 94, 126 L.Ed.2d 61 (1993). The prudential limitations recognized by courts require a plaintiff to (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. *Hong Kong Supermarket v. Kizer,* 830 F.2d 1078, 1081 (1987).

 In their motion to dismiss, defendants argue that Schmier cannot demonstrate standing for, among other reasons, his failure to allege a concrete injury. "For purposes of ruling on a motion to dismiss for want of standing, *** the trial *** court[ ] must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Tyler v. Cuomo,* 236 F.3d 1124, 1131 (9th Cir.2000) (citations omitted). At the pleading stage, therefore, a plaintiff's general factual allegations of injury resulting from the defendant's conduct may suffice to survive a motion to dismiss. *Lujan,* 504 U.S. 555, 561, 112 S.Ct. 2130 (1992). Nevertheless, the plaintiff must in fact make such allegations. See *Tyler,* 236 F.3d at 1131 (noting that the plaintiff bears the burden of demonstrating standing). As defendants correctly assert, Schmier's inability to make allegations about a concrete and particular injury is fatal to his case.

 Under this requirement, Schmier must show that he "sustained or is immediately in danger of sustaining some direct injury as a result of the challenged *** conduct and [that] the injury or threat of

injury [is] both real and immediate." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (internal quotations omitted). Upon a liberal examination of the complaint, however, the court finds that Schmier has not alleged any facts demonstrating such an injury. Schmier himself describes his alleged injury as follows:

> Plaintiff alleges that he is an attorney at law who regularly practices law in the courts of the Ninth Circuit. He alleges a clear, present, and substantial right to the performance of Defendants' duties. Importantly, Plaintiff expressly alleges that the harm he suffers continues daily and the challenged rules cause harm to numerous litigants, including Plaintiff. (Complaint, ¶ 8, 5:8–14.) Plaintiff alleges that his Constitutional rights guaranteed by the First and Fifth Amendments have been violated. In short, Plaintiff has expressly alleged invasion of legally protected interests which is concrete and actual.

PlOppBr (Doc # 6) at 17.

These allegations may indeed be true. In fact, at the pleading stage, the court is compelled to presume that they are true. See *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). But these allegations do not demonstrate that Schmier has suffered or is about to suffer a concrete and specific injury as a result of the circuit rules at issue. All these allegations boil down to is that Schmier is an attorney who has to comply with rules that he believes are unconstitutional and harmful. As previously noted, however, Schmier does not assert that he has attempted to cite an unpublished disposition in this action in violation of Rule 36–3. Nor does Schmier suggest that he attempted to no avail to have an unpublished disposition published under Rule 36–4. Indeed, Schmier's opposition to defendants' motion to dismiss did not even contain citations to any unpublished opinions.

As a recent case in the Eighth Circuit upon which Schmier places great weight makes clear, in order for a litigant to have standing to challenge these type of circuit rules, the party must cite an unpublished decision in an actual case. See *Anastasoff v. United States,* 223 F.3d 898 (8th Cir.), vacated on rehearing en banc, 235 F.3d 1054 (8th Cir.2000) (evaluating the constitutionality of a circuit rule on unpublished dispositions after the IRS cited an unpublished decision of the Eighth Circuit and the taxpayer objected on appeal). Otherwise, there are no facts for which the litigant can demonstrate an injury. The court concludes, therefore, that because Schmier has not, and cannot, allege a cognizable injury in fact in the case presently before the court, the matter must be dismissed with prejudice for lack of subject matter jurisdiction.

For the foregoing reasons, defendants' motion to dismiss (Doc # 5) is GRANTED. The clerk is directed to close the file and terminate all pending motions.

IT IS SO ORDERED.