**Derrick R. COOMBS, Petitioner,**

v.

**STAFF ATTORNEYS OF THIRD CIRCUIT and Marcia Waldron, Clerk Of Court, Third Circuit, Respondents.**

No. CIV. 01–790.

United States District Court, E.D. Pennsylvania.

April 26, 2001.

Derrick R. Coombs, Camp Hill, PA, pro se.

### *MEMORANDUM*

DuBOIS, District Judge.

Plaintiff, Derrick R. Coombs, an inmate at State Correctional Institution ("SCI") Camp Hill, Pennsylvania, filed a *pro se* Petition for Writ of Mandamus against Marcia Waldron, Clerk, and the Staff Attorneys of the Court of Appeals for the Third Circuit. He seeks an order directing the Staff Attorneys and Marcia Waldron "to perform their duties lest petitioner suffer irreparable bodily harm or death...." Specifically, petitioner complains that the defendants have denied his repeated requests that his appeal be expedited due to his serious injury. In his Petition he states that he wants defendants to "take my pleadings before a judge, before I end up DEAD here, or disabled for life ...." (emphasis in original). Plaintiff filed a Supplement to Mandamus Petition in which he expanded on what is set forth in the original petition.

With his Petition, petitioner filed a Request for Leave to Proceed *In Forma Pauperis*. As it appears he is unable to pay the costs of commencing this action, leave to proceed *in forma pauperis* will be granted. However, for the reasons which follow, the Petition, as supplemented, will be dismissed on the ground that it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit on May 8, 2000. He appealed from a Memorandum Order issued by United States District Judge D. Brooks Smith dated April 17, 2000,[1] in which the Court adopted the Report and Recommendation of United States Magistrate Judge Keith A. Pesto and denied petitioner's Motion under Federal Rule of Civil Procedure 60(b). The Report and Recommendation recites that petitioner had filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania which was dismissed for failure to exhaust state remedies. A certificate of appealability was denied by that court and by the Court of Appeals for the Third Circuit. The Motion under Rule 60(b) which was the subject of the Report and Recommendation alleged that circumstances in state court excused exhaustion and that the habeas corpus petition should be reopened.

The magistrate judge concluded that petitioner's averments in the Rule 60(b) motion provided a basis for filing a new habeas corpus petition in the appropriate court alleging that state court remedies had been exhausted, but did support the granting of the 60(b) motion. In addition, after noting that petitioner alleged in his motion that he had medical problems which were going untreated, the magistrate judge concluded that such allegations were not a basis for relief under Rule 60 but rather presented matters which might properly be raised in a civil rights complaint.

## II. DISCUSSION

A. *Applicable Standard—Petition for Writ of Mandamus*

 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is considered an "extraordinary remedy," *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and a "drastic remedy that 'is seldom issued and its use is discouraged.'" *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000) (citations omitted). Mandamus should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." *Mallard,* 490 U.S. at 309, 109 S.Ct. 1814 (citations and brackets omitted); *see also In re Roberts,* 178 F.3d 181, 183 (3d Cir.1999) (quoting same).

 Petitioners seeking mandamus must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.'" *Mallard,* 490 U.S. at 309, 109 S.Ct. 1814 (quotations, brackets and citations omitted). *See also In re Patenaude,* 210 F.3d at 141;. *In re Jacobs,* 213 F.3d 289 (5th Cir.2000) (mandamus should be "granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to obtain the requested relief"); *In re Crowder,* 201 F.3d 435 (table decision), 1999 WL 1003847, at *1 (4th Cir. Nov. 5, 1999) ("A petitioner must show that he has a clear right to the relief sought, that the respondent has a clear duty to perform the act requested the petitioner, and that there is no adequate remedy available.").

 The Court has discretion whether to issue a writ of mandamus. It may

---

1. Judge Smith was elevated to Chief Judge on February 1, 2001.

refrain from issuing a writ even when technical grounds for mandamus are satisfied. *See In re Patenaude,* 210 F.3d, at 141.

### B. *Jurisdiction*

The first issue the Court must address is whether it has jurisdiction to direct employees of a higher court—the Clerk of Court and Staff Attorneys of the Court of Appeals for the Third Circuit—"to present my paperwork" to that court. "[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action. [28 U.S.C. § ]1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the Justices of the Supreme Court themselves." *Panko v. Rodak,* 606 F.2d 168, 171 n. 6 (7th Cir.1979). The *Panko* court went on to state that perhaps the jurisdictional difficulty is best analyzed as going to the district court's discretion to refuse mandamus relief even if the elements justifying relief are established, *see id.* (citing *Holmes v. United States Bd. of Parole,* 541 F.2d 1243, 1247 (7th Cir.1976)), and that such an analysis recognizes the difficulty or impossibility of enforcing an order should the higher court direct its clerk or other employee to ignore the order.

The Third Circuit has not yet ruled on the question of whether a lower court may issue a writ of mandamus to a higher court, although *Nolan v. Judicial Council of the Third Circuit,* 346 F.Supp. 500, (D.N.J.1972), *aff'd sum nom. In re Imperial "400" Nat., Inc.,* 481 F.2d 41, 42 (3d Cir.1973), is somewhat instructive on the point. In that case the district court declined to issue a writ of mandamus to bar the enforcement of a resolution adopted by the Judicial Council of the Third Circuit on the ground that a pending appeal of the underlying case provided an adequate remedy. The district court in *Nolan* then went on to note that review of the actions of a judicial council [of a Court of Appeals] by a district court under 28 U.S.C. § 1651, "would present serious incongruities and practical problems...." *Nolan,* 346 F.Supp., at 513 (quoting *Chandler v. Judicial Council of the Tenth Circuit,* 398 U.S. 74, 94, 90 S.Ct. 1648, 1658, 26 L.Ed.2d 100 (1970) (Harlan, J. concurring)). *See also Schmier v. United States Court of Appeals for the Ninth Circuit,* 136 F.Supp.2d. 1048, 1050–51 (N.D.Cal.2001) (noting "the dubious status" of a district court's "jurisdiction to evaluate the validity of a higher court's rules"). This Court agrees with the statements of the Seventh Circuit in *Panko* and the district courts in *Nolan* and *Schmier* that review of actions of officers or employees of a court of appeals by a district judge presents serious jurisdictional and practical problems.

Considerations of judicial discretion, suggested as an alternative to addressing the jurisdictional question in *Panko,* provide a basis for addressing the issues presented in this case. Without deciding whether this Court might have jurisdiction in some cases, for example, a case where a clerk of a higher court unjustifiably refuses to docket a case and then unreasonably blocks all attempts to obtain relief from that refusal from the higher court itself, this Court will exercise its discretion and deny the petition for writ of mandamus on the facts presented on the ground that the Petition fails to state a claim upon which relief may be granted.

### C. *Merits Analysis*

█ The gravamen of the Petition in this case is the claimed delay in adjudicating petitioner's appeal. The delay in this case—approximately nine months as of the time the Petition was filed and a little less than 12 months as of the date of the issuance of this Memorandum—is not an

unreasonable delay in light of the number of appeals handled by the Court of Appeals of the Third Circuit of which this Court takes judicial notice.[2] Moreover, although petitioner has sought to expedite adjudication of his case in the Court of Appeals, he has not established that he lacks alternative means to obtain the relief he seeks. With respect to the order from which he appeals, petitioner may proceed to exhaust state remedies until the Court of Appeals rules. Regarding the claimed lack of medical treatment, in addition to seeking additional treatment at SCI Camp Hill, petitioner has the right to bring an action under 42 U.S.C. § 1983.

 A petition for writ of mandamus will only be granted if the petitioner shows that he has a clear right to the relief sought, and petitioner has failed to do so in this case. Moreover, for mandamus to issue, a petitioner must demonstrate that he lacks adequate alternative means to obtain the relief he seeks, and, as noted above, petitioner has other adequate remedies. Mandamus is an extraordinary remedy. It is not warranted in this case.

## III. CONCLUSION

For all the foregoing reasons, the Court will deny the *pro se* Petition for Writ of Mandamus. An appropriate order follows.

### *ORDER*

**AND NOW** this 25th day of April, 2001, upon consideration of the Petition of Derrick R. Coombs for Writ of Mandamus or Order of Relief in Nature of Mandamus Compelling Clerk and Staff Attorneys to Perform Their Job (Document No. 1, filed February 16, 2001)[1] and Supplement to Mandamus Petition (Document No. 2, filed February 26, 2001), and Motion for Leave to Proceed *In Forma Pauperis* (Document No. 4, filed March 22, 2001), and for the reasons stated in the foregoing Memorandum, **IT IS ORDERED** that:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED;**

2. Plaintiff's Petition for Writ of Mandamus or Order of Relief in Nature of Mandamus Compelling Clerk and Staff Attorneys to Perform Their Job and Supplement to Mandamus Petition are **DENIED** on the ground that they fail to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

**2.** During the twelve month period ending September 30, 2000, the Third Circuit terminated 3,162 cases. *See* Leonidas Ralph Mecham, *Judicial Business of the United States Courts, 2000 Annual Report of the Director* (2000) 78. The median time between the filing of a notice of appeal to formal disposition in the Third Circuit during that same time period was 10.9 months. *See id.* at 99.

**1.** The Petition for Writ of Mandamus was submitted on February 16, 2001 with the Motion for Leave to Proceed *In Forma Pauperis,* and was docketed as part of the Motion. The docket does not reflect that a Petition for Writ of Mandamus was filed. Accordingly, the Clerk shall separately docket the Petition for Writ of Mandamus.