**FILED**

**AUG - 5 2014**

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Thomas S. Miller,                                )
                                                 )
    Plaintiff,                )
                                                 )
v.                                               )    Civil Action No. *14-1330*
                                                 )
Scott S. Harris *et al.*,                        )
                                                 )
    Defendants.               )

MEMORANDUM OPINION

This action is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, an Ohio state prisoner incarcerated in Marion, Ohio, sues the Clerk of the United States Supreme Court and other employees of that office for returning his petition for writ of habeas corpus because of several deficiencies listed in a letter to plaintiff from the Supreme Court Clerk. *See* Compl. at 2-3 & Compl. Attach. (Apr. 10, 2014 letter). The attachments to the complaint show that plaintiff's petition was subsequently filed and was denied by the Supreme Court on June 9, 2014. Regardless, plaintiff seeks $3 million in damages. Compl. at 10.

This Court lacks jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It

seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). In addition, the Supreme Court Clerk and his staff enjoy absolute immunity from a lawsuit for money damages based on those actions, as alleged here, that fall within the scope of their official duties. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Therefore, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 12 , 2014

United States District Judge