Dabney Friedrich, United States District Judge
The plaintiff brings this action against the nine Justices of the Supreme Court of the United States. Compl. ¶¶ 8-16. He claims to have been "wrongfully confined in the Colorado Department of Corrections ... based on a void judgment that was entered without jurisdiction for want of a formal information." Id. at 19. Now that the plaintiff has pursued remedies in state and federal courts, see generally id. ¶¶ 35-39, 70-7, the plaintiff demands review of his petition for a writ of habeas corpus by the Supreme Court, see id. ¶ 96.
This federal district court has no authority to compel the Supreme Court, its Justices, or staff to act. See Panko v. Rodak , 606 F.2d 168, 171 n.6 (7th Cir. 1979), cert. denied , 444 U.S. 1081, 100 S.Ct. 1034, 62 L.Ed.2d 765 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Accordingly, the Court dismisses the plaintiff's complaint and this civil action for lack of subject matter jurisdiction. See Smith v. Supreme Court of the United States , No. 08-5171, 2008 WL 5532101, at *1 (D.C. Cir. Oct. 10, 2008) (per curiam) ("The district court properly dismissed the complaint because lower courts lack jurisdiction to review decisions of the United States Supreme Court or to compel Supreme Court clerks to take any action."); In re Marin , 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming district court's sua sponte dismissal of complaint on the ground "that it lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk"). The plaintiff s application to proceed in forma pauperis is granted, and an Order consistent with this Memorandum Opinion is issued separately.