**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KENESHA LATTIMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-04266 (UNA) |
| | ) |
| MUNICIPALITY OF COLUMBUS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and her *pro se* Complaint ("Compl."), ECF No. 1. The Court grants the IFP Application, and for the reasons explained below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, a resident of Columbus, Ohio, sues the Municipality of Columbus, and a judge of this district court. The Complaint's allegations are wide-ranging, consisting of an assortment of various alleged wrongdoing, by numerous alleged bad actors, in violation of the constitution and the "Federalist Papers," spanning approximately six years, borne from a nefarious conspiracy. *See generally* Compl. At root, Plaintiff challenges the outcome of child-custody decisions made by the local Ohio Franklin County courts and Franklin County Children Services. She demands equitable relief and damages. See id. at 3, 5–9, 11, 13, 15–16, 19–20, 22, 26, 28, 30–32, 36, 39.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint falls short of compliance with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1)

a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). As here, courts commonly dismiss complaints that contain bloated and disorganized allegations that violate Rule 8(a). *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022) (collecting cases); *see also Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

Here, Plaintiff's belief in an ongoing conspiracy against her is supported only by "threadbare recitals" and by "mere conclusory statements," which is insufficient. *See Iqbal,* 556 U.S. at 678. A complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v.*

*MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). And dismissal is authorized whether the claims are "based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim).

Second, and even if Plaintiff could overcome the pleading hurdles described above, she has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. Federal district courts generally lack jurisdiction to review or otherwise interfere with judicial decisions made by state and local courts, and Plaintiff cannot circumvent that prohibition by bringing this matter under the auspices of federal legal authority or against a federal defendant, or by otherwise seeking such relief circuitously. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). As here, a lawsuit is considered a collateral attack "if, in some fashion, it would overrule a previous judgment[,]" *Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (quoting *37 Associates, Tr. for the 37 Forrester St., SW Trust v. REO Const. Consultants, Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006)), and "questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment[,]" *37 Associates v. REO Constr. Consults., Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (quoting *In re Am. Basketball League, Inc.*, 317 B.R. 121, 128 (2004)).

Indeed, the domestic relations exception deprives a federal district court of the power to issue or modify child custody decrees, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to decide child support obligations or custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of

jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children"). These types of determinations must be contested in the local courts where the proceedings were held. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981); *see also Bennett*, 682 F.2d at 1042 (child custody issues uniquely suited to resolution in local courts).

Third, the Court finds no basis in Plaintiff's allegations against the Defendant district judge. Plaintiff alleges, without any explanation, that that Defendant "[k]new about alleged conspiracy or rights violations, dismissed the filings as frivolous without proper review," *see* Compl. at 3, ostensibly disagreeing with the dismissal of *Lattimore v. Gray, et al.*, No. 24-cv-03347 (UNA) by that court, on February 3, 2025. However, Plaintiff has done nothing more than speculatively question an unfavorable judicial decision without providing any credible basis for her challenge to same. *See Murchison v. Inter-City Mortg. Corp. Profit Sharing & Pension Plans*, 503 F. Supp. 2d 184, 188 (D.D.C. 2007) (holding that judges must be alert to avoid the possibility that a litigant would question the validity of a decision simply to avoid the consequences of and adverse decision). Nor would filing a separate civil action be the proper avenue for such review, because the Court generally lacks subject matter jurisdiction to review any of the decisions or actions of another federal district court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

Moreover, the Defendant judge is absolutely immune from this lawsuit. *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991); *see also Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity

for any actions taken in a judicial or quasi-judicial capacity."). He cannot be deprived of immunity because an action he took was allegedly in error, malicious, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

For all these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 4, 5, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: March 6, 2026

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge