Dale Alan THOMAS, Plaintiff,

v.

Robert OLANDER, Defendant.

Civ. A. No. 93–2229.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 1995.

Dale Alan Thomas, pro se.

Stephen G. Baratta, Easton, PA, for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

### I. BACKGROUND

Dale Alan Thomas ("Plaintiff") commenced this action against Robert Olander ("Defendant") alleging that the Northampton County Prison law library is inadequate, depriving Thomas of his constitutional right of access to the courts. Defendant Olander is the Warden at Northampton County Prison; Plaintiff Thomas is a prisoner committed to his custody. Defendant has filed a motion for summary judgment with supporting affidavits and other evidence, which Plaintiff has not opposed. For the reasons discussed below, Defendant's motion is granted.

### II. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court's role is to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511,

91 L.Ed.2d 202 (1986); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3rd Cir.1993). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Further, the evidence must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, if the non-moving party fails to adduce sufficient evidence in connection with an essential element of the case for which it has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### B. *Northampton County Prison Law Library*

■ Plaintiff Thomas charges that the Northampton County Prison law library needs a new typewriter and that inmates need access to a copier, up-to-date books, materials such as staples and tape, and more time to perform legal research. Thomas himself "needs someone appointed to get books from the Northampton County Law Library." Pet. at 1.

The Supreme Court has recognized "that the fundamental right of access to the courts requires prison officials to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977).

■ The "Court did not define the term 'adequate' with specificity." *Abdul–Akbar v. Watson*, 4 F.3d 195, 202 (3rd Cir.1993). Rather, the particular mix of legal resources must be evaluated on a case-by-case basis, taking into account the duty of prison authorities to ensure internal order and institutional security. *See Bounds*, 430 U.S. at 832, 97 S.Ct. at 1500; *Abdul–Akbar*, 4 F.3d at 203. "[T]he standard to be applied is whether the legal resources available to a prisoner will enable him to identify the legal issues he desires to present to the relevant authorities, including the courts, and to make his commu-

nications with and presentations to those authorities understood." *Abdul–Akbar*, 4 F.3d at 203. "A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine" when suitable alternatives such as carbon paper or forwarding documents to family or friends for copying may be used. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir.1980). Access to the courts also does not include "a federally protected right to use a typewriter or to have one's pleadings typed." *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir.1978).

The adequacy of this prison law library and prisoners' access to the library and other materials were the subject of a consent decree approved by this Court in *Teddy R. Serrano v. County Executive Hartzell, et al.*, No. 88–8966 (E.D.Pa.1989). *Serrano* was certified as a class action pursuant to Rule 23(B)(2) of the Federal Rules of Civil Procedure. The plaintiff class comprised prisoners at Northampton County Prison, represented by the legal director of the Philadelphia chapter of the American Civil Liberties Union.

The *Serrano* consent decree provides, in pertinent part:

III. Effective immediately Northampton County Prison will adopt the following policy governing the use of the prison law library:

A. The law library will remain open Monday through Saturday from 8 a.m. to 10:30 a.m. and from 1 p.m. to 3:30 p.m. Further, on Thursdays the library shall be open in the evening from 7 p.m. to 9:00 p.m.

B. In addition to the books presently made available Northampton County will acquire and keep current the following volumes in the prison library:

● Legal Research in a Nut Shell

● Pennsylvania Rules of Court (state and federal) Desk Copy

● Purdon's Pennsylvania Statutes Annotated Titles: 18, 42, 61 and 75

● Pennsylvania Digest 2d Criminal Law (volumes 13–19 and 70–71)

- United States Code Annotated or Service Titles: 28 Sections 2241–2255, 42 Sections 1981–1983
- West's Federal Practice Digest 3d, Volumes: 3, 18–9, 22–32, 53–4, 90–1
- Sheppard's for all federal and Pennsylvania courts
- Complete Manual of Criminal Forms, Bailey and Rothblat
- Liebman, Habeas Corpus Procedure, Michie Company
- The Criminal Law Reporter, Bureau of National Affairs
- Prisoners and the Law, Clark–Boardman
- Rudovsky, The Rights of Prisoners, 1988
- Pennsylvania Law Journal–Reporter.

C. Prisoners needing access to legal decisions not housed in the prison library shall obtain such access by having xerox copies delivered to them within the week of their request. Prisoners may request up to 5 decisions at a time. These xeroxed copies shall remain the property of the Northampton County Prison library and upon completion of the prisoner's research shall be returned for storage in the prison library.

D. The library's typewriter shall be kept in working order at all times.

E. The law library shall be staffed by an inmate who has received at least half a day of training with regard to legal research. The law librarian shall be free to assist inmates with their legal work upon request. Class members shall also be free to seek assistance from those inmates who have acquired legal expertise.

Prior to approval by the Court, the consent decree was posted on each tier of cellblocks in the prison for one month. Along with the decree, a Court Order was posted advising "Any inmate wishing to object to the permanent approval of the Decree shall mail written objections to plaintiffs' counsel ..." and listing counsel's mailing address. No objections were made.

In support of the motion for summary judgment, Defendant has submitted his own affidavit and that of Anita DeBona, law librarian of the Northampton County Law Library, a separate entity from the prison.

Warden Olander's affidavit states that the Prison "has been in full compliance of its duties and responsibilities set forth in the Serrano Consent Order...." Aff. of Robert A. Olander, Warden for Northampton Cty. Prison.

Olander's affidavit together with the affidavit of Law Librarian DeBona together describe the procedure established to satisfy Section III.C of the *Serrano* Consent Decree. DeBona states:

4. Northampton County Solicitor's Office provided the Northampton County Law Library with a copy of the consent decree entered in the matter of *Serrano v. Northampton County Prison Commission* dated March 8, 1989.

5. Pursuant to an agreement between Robert A. Olander, Warden, and the Honorable Robert A. Freedberg, President Judge of the Court of Common Pleas, Northampton County, a procedure has been established in which the materials in the Northampton County Law Library are made available to prison inmates, where the inmates make requests for specific texts or other research materials.

6. On the morning that the request is received by the Northampton County Law Library, each text or other research material is provided (either the original book or copies of the original text) to a prison representative to be delivered to the requesting inmate. Those library materials are to be returned the next morning, with the exception of Friday, where materials released on Friday morning must be returned by 3:30 p.m. each Friday so that they are available for use by Northampton County attorneys using the library over the weekend.

Aff. of Anita DeBona, Northampton Cty. Law Librarian.

Attached as an exhibit to DeBona's deposition are copies of correspondence between Warden Olander and President Judge Freedberg discussing the procedure DeBona describes.

 Plaintiff has not opposed Defendant's summary judgment motion nor chal-

lenged the assertions contained in the affidavits. Plaintiff also has failed to submit any evidence in support of his allegations or to make a factual showing of actual injury resulting from the condition of the law library. Plaintiff's typed documents demonstrate his ability to draft a "legible, articulate, and authoritative pleading," with abundant citations to legal authority, which supports Defendant's contention that the law library is adequate. *See Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir.1980). Because the consent decree entered in *Serrano* is "presumed valid and in conformity with the law," *Abdul–Akbar,* 4 F.3d at 205, Plaintiff has failed to demonstrate that there is a significant dispute of material fact regarding Plaintiff's access to legal resources. Summary judgment will be granted in favor of the Defendant.

An appropriate Order follows.

### *ORDER*

Upon consideration of the Defendant's Motion for Summary Judgment, it is **ORDERED** that Defendant's motion is **GRANTED.** Judgment is entered in favor of Defendant Robert Olander and against Plaintiff Dale Alan Thomas. Plaintiff's complaint is dismissed in its entirety.