Thurman HARRISON, Jr.,
Plaintiff–Appellant,

v.

BENT COUNTY CORRECTIONAL FACILITY; Charles Ray, Warden; Steven Brown, Jr., Assistant Warden; Michael R. Wise, Chief of Security; Gale Miller, Mail Room Supervisor; Susan Baker, Law Librarian, Defendants–Appellees.

No. 01–1141.

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.[*]

## ORDER AND JUDGMENT [**]

PAUL KELLY, JR., Circuit Judge.

Mr. Harrison, an inmate appearing pro se, seeks to appeal from the district court's order dismissing his complaint and action as legally frivolous. 28 U.S.C. § 1915(e)(2)(B). He challenges an institution policy restricting the copying and postage of inmates whose accounts are more than $300 in arrears. Specifically, he contends that he is required to obtain the approval of the prison law librarian and the assistant warden to mail pleadings (to insure that legal mailings are involved or responses due), and that he is allowed no more than a $2.00 per month advance on future earnings for copying and postage. We previously affirmed the district court's dismissal without prejudice of Mr. Harrison's claims for failure to exhaust administrative remedies. *Harrison v. Bent County Corr. Facility*, No. 00–1154, 2000 WL 1508847 (10th Cir. Oct. 11, 2000) (unpublished). He has now exhausted those remedies.

On appeal, Mr. Harrison argues that the district court erred in (1) entering its order and judgment of dismissal without allowing him to submit arguments and authorities in favor of his position, and (2) in concluding that the action was legally frivolous. He further argues that (3) Bent County is denying him access to the courts, and (4) the facility is violating his equal protection rights because he is being treated differently than other similarly situated inmates.

▬ We review a dismissal for frivolousness for an abuse of discretion. *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir.1997). Contrary to Mr. Harrison's position, the statute allows such a dismissal "at any time" once the court determines that the complaint lacks an arguable basis—there is no requirement that the district court provide an inmate notice and an opportunity to respond to a proposed dismissal for frivolousness. *See*

---

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (allowing district court to screen and dismiss complaints where inmate seeks relief from government entity or agent); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing under prior statute that frivolousness determinations will often be made sua sponte before a defendant answers).

■ That said, however, we cannot agree with the district court that this complaint was frivolous or inarguable given the Supreme Court's recognition of an inmate's right of access to the courts and the necessity of postage. *See Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). To be sure, various restrictions may be placed upon an inmate's right of access, but the scope of those restrictions is not so clear as to render the restrictions in this case inarguable.

■ We will review de novo the district court's sua sponte dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999); *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (sua sponte dismissal). Even with liberal construction of Mr. Harrison's pleadings, we are satisfied that the district court reached the proper result.

■ Although there is some responsibility to provide an inmate with the incidentals necessary to pursue legal action, reasonable restrictions based upon budgetary concerns are acceptable. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980) (copying); *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir.1978) (postage); *Blaise v. Fenn*, 48 F.3d 337, 339–40 (8th Cir.1995). This would include reasonable limits on amounts "advanced" to inmates for copying and postage. We need not decide the exact parameters of this right

in these circumstances, however, because Mr. Harrison has failed to allege facts in his complaint (or in his brief of appeal) suggesting an actual injury, an essential requirement of a denial of access claim. *Lewis v. Casey*, 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). It is not enough for Mr. Harrison to state that he is unable to file motions or briefs.

■ Mr. Harrison's claim that he is being denied equal protection based upon indigency, Aplt. Br. at 19 (d. Fourth Issue), is likewise untenable—he has not shown that he is similarly situated to other inmates given his $300 debt. Moreover, neither prisoners nor indigents constitute a suspect class warranting strict scrutiny review; the challenged policy in this case need only bear a rational relationship to legitimate government ends. *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998). At some point, the institution may limit the amount of advances to an inmate to preserve funds and encourage inmate responsibility without denying access to the courts. *See Blaise*, 48 F.3d at 340 (system which allowed $3.50 advance and an additional $3.50 for exceptional need with approval of the deputy warden was "rationally related to the goal of preserving prison resources by placing some limit on the free postage given to inmates, and to the goal of encouraging inmates to manage their money intelligently by leaving the decision of how to spend their monthly allowance in inmates' own hands").

We GRANT the Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, and the AFFIRM the district court's judgment.