**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELI-JAH HAKEEM MUHAMMAD,
a.k.a CHRISTOPHER MITCHELL,

Plaintiff-Appellant,

v.

M. COLLINS, V. SUDLOW and R.
MADISON,

Defendants-Appellees.

No. 07-1010

District of Colorado

(D.C. No. 06-CV-00756-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Plaintiff C. Eli-jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is

currently incarcerated at ADX Florence. On April 11, 2006 Mr. Mitchell

submitted a *pro se* Prisoner Complaint pursuant to *Bivens v. Six Unknown Named*

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and to 28 U.S.C. § 1331. The complaint, as amended, asserted twelve claims for relief, consisting of retaliation, conspiracy, and denial of access to the courts. The district court dismissed all twelve claims as frivolous. We agree that these claims fail to assert a constitutional violation and affirm the dismissal. We also deny leave to proceed *in forma pauperis*.

An action is frivolous under § 1915(e)(2)(B) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (internal quotations omitted). We review a district court's dismissal for frivolousness under § 1915(e)(2)(B) for abuse of discretion. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). In doing so, we accept Mr. Mitchell's allegations as true and consider all reasonable inferences in the light most favorable to him. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Additionally, we construe Mr. Mitchell's complaint liberally because he is proceeding *pro se*. *Id*.

Claims One, Five, Seven, Eight, Nine, and Ten of Mr. Mitchell's appeal assert a denial of access to the courts because Mr. Mitchell was not given carbon paper or access to photocopying equipment free of cost in connection with his litigation. Photocopy access is not an independent constitutional right, but exists only where necessary to the prisoner's right to seek legal redress. *See Carper v.*

*DeLand*, 53 F.3d 613, 616-17 (10th Cir. 1995) ("a state has no affirmative constitutional obligation to assist inmates in general civil matters"); *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[T]he right to Xerox" exists for the purpose of filing court documents where duplication is required). Mr. Mitchell has refused to provide evidence of any meaningful legal need for copies or carbon paper. Without a showing of need for copies or a resulting harm, these claims are without merit. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

In Claim Two, Mr. Mitchell asserts that Mr. Madison, a prison official, deliberately destroyed his BP-8 complaint form regarding his missing property. However, because Mr. Mitchell was untimely in the filing of his grievance, the district court held that Claim Two is procedurally barred for failure to exhaust administrative remedies. Appellant offers no argument why that conclusion is erroneous.

In Claim Three, Mr. Mitchell alleges in general terms that he was denied access to the Unit Satellite Law Library. Mr. Mitchell fails to allege that he was actually impeded in his access to the courts in any specific case, or that being blocked from using the library resulted in actual harm, as is required to set forth a claim of a constitutional violation. *See Casey*, 518 U.S. at 349.

Mr. Mitchell asserts in Claim Four that he was denied access to a paralegal prisoner, resulting in a denial of access to sufficient legal facilities. The record shows, however, that Mr. Mitchell was not denied access to *all* paralegal

prisoners, but only to one specific paralegal. R., Doc. 3-2, at 33; *see* R., Doc. 14-2 at 9-14. There is no assertion that this precluded Mr. Mitchell from pursuing his legal claims.

In Claims Five, Six, and Twelve, Mr. Mitchell asserts that he was denied access to the courts when prison officials refused to provide postage stamps free of charge. "This Court has held that inmates do not have an unlimited right to free postage. . . ." *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980). Because the record shows that Mr. Mitchell had sufficient funds in his prison account to pay for stamps, R., Doc. 14-3, at 22, prison officials were not required to provide them for free.

In Claim Eleven Mr. Mitchell states that prison official Madison confiscated legal materials, but he does not state what these legal materials may be or how the alleged confiscations affected his access to courts. The district court was therefore correct to dismiss this claim.

Accordingly, the judgment of the United States District Court for the District of Colorado is **AFFIRMED**. Appellant's motion to proceed *in forma pauperis* is **DENIED**, and we remind Mr. Mitchell of his responsibility to pay the

appellate filing fee in full.  Appellant's "Application for Writ of Mandamus" is
**DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge