

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# Allen Kelly v. York Cty Prison

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Allen Kelly v. York Cty Prison" (2009). *2009 Decisions.* Paper 1473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-161                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4512
_____

ALLEN KELLY,
                                        Appellant

v.

YORK COUNTY PRISON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-1813)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: April 27, 2009 )
_____

OPINION
_____

PER CURIAM

       Allen Kelly, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e).  For the

reasons stated below, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Kelly filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging that the York County Prison violated his civil rights when it: (1) denied him free photocopies of legal documents relating to his criminal proceedings as well as well as a complaint he initiated before the Disciplinary Board of the Pennsylvania Supreme Court; (2) refused to provide him with sufficient paper and envelopes; and (3) failed to place a photocopying machine in the prison library as well as stock the library with sufficient paper. The District Court granted Kelly's motion to proceed in forma pauperis and later dismissed his complaint pursuant to 28 U.S.C. § 1915(e).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Kelly has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

The District Court correctly determined that Kelly's claim that his constitutional rights were violated when he was denied free photocopies is without merit.[1] Prisoners do

---

[1]In addition to dismissing Kelly's claims against the prison on the merits, the District Court, citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973), also determined that the prison was immune from Kelly's lawsuit under the Eleventh Amendment because it is not a "person" within the meaning of § 1983. However, because we presume Kelly could have amended his complaint to name a proper, individual defendant, we review the appropriateness of the District Court's dismissal of Kelly's claims on the merits.

not have a right to free photocopies for use in lawsuits.  See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991); see also Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980).  In addition, while inmates have a constitutional right of access to the courts, which, in some situations, may implicate prison law libraries, see Bounds v. Smith, 430 U.S. 817, 821 (1977), an inmate must show that he was actually injured by the alleged denial of access in order to establish a First Amendment violation.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  Such an injury would occur, for example, if an inmate "was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. at 351; see also Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997) (defendants' actions resulted in the "loss or rejection of a legal claim.")  In his complaint, Kelly acknowledged that he is given a supply of paper and envelopes each month.  Furthermore, he does not claim that he was denied use of the prison law library or that he has been unable to meet any court-imposed deadlines as a result of the library's alleged lack of amenities.

Accordingly, for the reasons given, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).