Allen KELLY, Appellant

v.

YORK COUNTY PRISON; Warden Mary Sabol; Deputy Warden Claire Doll; Deputy Michael Buono; Deputy John Steiner; Beata Erni; Jen Rogers; Prime Care; Jennifer Miosi; Daryl Malpass; Erin Boyd.

No. 09–1439.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 23, 2009.

Opinion filed: Aug. 7, 2009.

**60**

Allen Kelly, York, PA, pro se.

John G. Knorr, III, Esq., Office of Attorney General of Pennsylvania, Department of Justice, Harrisburg, PA, For York County Prison; Warden Mary Sabol; Deputy Warden Claire Doll; Deputy Michael Buono; Deputy John Steiner; Beata Erni; Jen Rogers; Prime Care; Jennifer Miosi; Daryl Malpass; Erin Boyd.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Allen Kelly appeals *pro se* from the District Court's order dismissing his complaint. For the following reasons, we will vacate and remand for further proceedings. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

### I.

Kelly is a state prisoner incarcerated in York County, Pennsylvania. In 2008, he filed suit *pro se* under 42 U.S.C. § 1983, alleging that prison personnel had refused to provide him with free photocopies for use in filing a disciplinary complaint with the Pennsylvania Supreme Court and in his on-going criminal proceeding. The District Court granted him leave to file the complaint *in forma pauperis*, then dismissed it as frivolous under 28 U.S.C. § 1915(e)(2)(B). We dismissed his resultant appeal on the same basis. *See Kelly*

*v. York Cty. Prison*, 325 Fed.Appx. 144 (3d Cir.2009).

While that appeal was pending, Kelly submitted *pro se* the complaint at issue here, which he again sought leave to file *in forma pauperis*. Kelly again sought relief under § 1983, and repeated his claim that prison personnel had denied him free copies. He also named nine additional defendants and asserted numerous other claims unrelated to his previous allegations. By order entered January 14, 2009, 2009 WL 90394, the District Court granted Kelly leave to proceed *in forma pauperis* and dismissed his complaint under § 1915(e)(2)(B) for failure to state a claim. The District Court also denied leave to amend on the grounds that any amendment would be futile. Kelly appeals.

### II.

 We have jurisdiction under 28 U.S.C. § 1291, and our review of the District Court's dismissal under § 1915(e)(2)(B) is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000). The District Court construed Kelly's complaint to assert two claims alleging denial of access to the courts, two claims that defendants had been deliberately indifferent to his medical needs, one claim based on defendants' refusal to provide free photocopies, one claim each based on Kelly's inability to obtain prison employment and work release, and one claim based on his confinement in the Behavioral Adjustment Unit and excessive force allegedly used in connection therewith. The District Court properly construed the majority of Kelly's allegations and thoroughly and accurately explained why most of them fail to state a claim. We agree with the District Court's reasoning in dismissing the majority of Kelly's claims and need not reiterate it here. There are, however, two exceptions.

One is harmless,[1] but the other requires remand.

Kelly alleges that he has been denied prison employment because, although "plaintiff's name appeared at the top of the work list to be called for work on two occasions," he "was ignored deliberately and retaliatory [sic] for utilizing the 801 [prison grievance] system." (Compl.¶ 50.) The District Court dismissed this claim on the sole basis that "[p]risoners have no Fourteenth Amendment liberty or property interest in prison employment[.]" That much is true. *See James v. Quinlan*, 866 F.2d 627, 629 (3d Cir.1989). Here, however, "the District Court failed to recognize that 'government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.'" *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003). "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his constitutional rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" *Id.* (citations omitted).

■ Kelly has alleged each of these elements here. First, he alleged that he was denied employment for filing grievances. He claims to have done so "in all matters complained," and mentions one grievance in particular based on the cancellation of doctor's appointments. (Compl.¶¶ 17, 19.) The filing of grievances is protected under the First Amendment. *See id.* Second, Kelly alleges that he was denied prison employment and the opportunity to earn wages. That allegation at the very least raises a question of fact about whether such denial would deter a person of ordinary firmness from filing grievances in the future. *See Allah*, 229 F.3d at 225. Finally, "the word 'retaliation' in his complaint sufficiently implies a causal link between his complaints" and denial of employment. *Mitchell*, 318 F.3d at 530.[2]

Though Kelly's complaint alleges these elements, it does not comply with Rule 8 as presently constituted. Kelly's *pro se* complaint must be liberally construed, but he has not alleged who denied him employment, or whom he otherwise holds responsible for the alleged retaliation and why. That deficiency, however, could be cured by amendment. The District Court properly recognized that "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir.2004). The District Court concluded that amendment would be futile. For the reasons explained above, we disagree.

---

1. Kelly alleged that prison personnel wrongfully opened mail addressed to him from the Department of Veteran Affairs regarding his veteran's health benefits, claiming that such mail has protected status and should have been opened only in his presence. The District Court did not address these allegations, but they fail to state a claim. Only inmates' legal mail generally must be opened in their presence. *See Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir.2009). This requirement does not apply to the correspondence at issue here. Kelly also claims that the correspondence "could have easily been misinterpreted if censored," but he does not claim that prison personnel actually censored it.

2. Kelly made no such allegations regarding his inability to obtain work release. Instead, he alleges only that he was unable to find outside employment that would have qualified him for the program and that the director of the program refused to assist him. He does not allege that the director did so in retaliation for any protected conduct or acted in violation of any policy or rule.

Accordingly, we will vacate the District Court's order and remand. On remand, the District Court is directed to allow Kelly to file an amended complaint, limited to his claim of retaliatory denial of employment, and thereafter to conduct such further proceedings as may be necessary. Kelly's motion for the appointment of counsel in this Court is denied.